# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SVYATOSLAV HRYTSYAK,** | CASE NO. 1:21 CV 824 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **STATE OF OHIO,** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

Petitioner Svyatoslavp Hrytsyak ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On February 7, 2024, Judge Clay issued an R&R recommending the petition be denied and dismissed. (Doc. 15). Petitioner filed objections to the R&R. (Doc. 16).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed on April 19, 2021, stems from Petitioner's 2019 convictions for two counts of driving while under the influence with a prior felony OVI specification. *See State v. Hrytsyak*, 2020 WL 1228611 (Ohio Ct. App.). In his habeas petition, Petitioner raised four grounds for relief:

| | |
|---|---|
| **Ground One:** | The Trial Court erred in denying my motion to suppress since traffic stop was unconstitutional in violation of 4th Amendment. |
| **Ground Two:** | Trial judge erred in denying motion for her recusal, in violation of 28 U.S.C.S. 454(a). |
| **Ground Three:** | The Trial Court abused its discretion in refusing to allow me to fire my ineffective counsel and represent myself in violation of the 6th Amendment. |
| **Ground Four:** | The guilty verdict cannot be upheld because conviction was obtained by presenting tampered evidence, perjured testimony, and by presenting spec[ification] charges to the jury, after I expected to try prior OVI spec[ificiations] to the bench by waiving the jury. |

(Doc. 1).

In his R&R, Judge Clay recommends the Court find Ground One barred from review, Grounds Two and Four procedurally defaulted, and Ground Three meritless. (Doc. 15). Petitioner has filed objections to the R&R. (Doc. 16).

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General


objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 16). Below, the Court addresses each of Petitioner's specific objections.

Objection 1

In Petitioner's first objection, he asserts that "[t]he Report errs when it concludes that my sentence expired and moots this case." (Doc. 16, at 1). However, the R&R expressly found the case was *not* moot. (Doc. 15, at 9). Therefore, Petitioner's first objection is overruled.

Objections 2 and 3

In Petitioner's second objection, he contends that the R&R incorrectly concludes Petitioner did not exhaust his claim regarding trial court bias. (Doc. 16, at 2). This relates to Ground Two of the Petition. Relatedly, in Petitioner's third objection, he contends the R&R's conclusion that Grounds Two and Four should be denied as procedurally defaulted is incorrect. (Doc. 16, at 3-4).

As the R&R correctly point out, Petitioner did not raise Grounds Two (trial court bias) or Four (presenting improper evidence and testimony to the jury) in his direct appeal to the Ohio Appellate Court, but did raise them to the Ohio Supreme Court; this is insufficient to exhaust claims, and they are defaulted. (Doc. 15, at 17); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process.*") (emphasis added); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) ("The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.") (citing *State v. Phillips*, 272 N.E.2d 347 (Ohio 1971)). Thus, both grounds were not exhausted through the state courts and no avenue remains to do so; they are therefore procedurally defaulted. *See Williams v. Anderson*, 460 F.2d 789, 806 (6th Cir. 2006) ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review.").

As he did to the Magistrate Judge, as cause to overcome the procedural default, Petitioner argues that he told his attorney to assert these claims on direct appeal, but his attorney did not do so. (Doc. 16, at 2, 3). But, as the R&R correctly points out, ineffective assistance of appellate counsel cannot serve as cause to overcome a procedural default unless that ineffectiveness claim itself has been fully exhausted. (Doc. 15, at 18). Because Petitioner did not exhaust through the state court proceedings an ineffective assistance of appellate counsel claim, this cannot serve as cause to overcome the default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Jacobs v. Mohr*, 265 F.3d 407, 417-18 (6th Cir. 2001).

Petitioner also argues, with respect to the R&R's conclusion that Petitioner had not demonstrated a fundamental miscarriage of justice to overcome the default, that "evidence of

4

judicial conflict with my attorney was provided by me, and it did affect every Ground presented by me." (Doc. 16, at 3). However, the R&R accurately sets forth the demanding standard to show a fundamental miscarriage of justice to overcome a default (Doc. 15, at 15-16), and the Court agrees on *de novo* review that Petitioner has not presented evidence that meets this standard.

Therefore, Petitioner's objection to the R&R's recommendation that Grounds Two and Four be dismissed as procedurally defaulted is overruled.

Objection 4

In Petitioner's fourth objection, he disagrees with the R&R's determination that the Fourth Amendment claim asserted in Ground One is barred from review; he asserts he did not receive "full and fair consideration" of this claim in the state courts. (Doc. 16, at 5-6). As he did to the Magistrate Judge, Petitioner challenges the procedure and substance of the hearing (arguing the officer changed his story, and that the hearing was held just 90 minutes before trial). *Id.* at 5. However, the R&R accurately sets forth the standard, which is that the "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, "not an inquiry into the adequacy of the procedure actually used to resolve the particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013); *Stone v. Powell*, 428 U.S. 465 (1976) (Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.).

On review, the Court agrees with the R&R that Petitioner was provided such an opportunity – he presented a motion to suppress, the trial court held a hearing, and Petitioner appealed that determination to the Ohio appellate court and Ohio Court of Appeals. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) ("The mechanism provided by the State of Ohio for resolution of Fourth

5

Amendment claims is, in the abstract, clearly adequate."). As such, Ground One is barred from federal habeas review by *Stone v. Powell*, and Petitioner's fourth objection is overruled.

Objection 5

In Petitioner's fifth objection, he argues the R&R's conclusion regarding Ground Three (regarding self-representation) is incorrect. (Doc. 16, at 6-8). As noted, Judge Clay recommends the Court dismiss this ground as meritless. (Doc. 15, at 20-23). Petitioner cites *Faretta v. California*, 422 U.S. 806 (1975), and contends the trial court violated his Sixth Amendment rights when it denied him the right to represent himself after the trial had commenced. He seemingly contends that permitting him to represent himself would not have caused any delay in the trial and that the judge's bias influenced her decision to deny his request. *See id.* at 7. This is not a specific objection to the Magistrate Judge's determination precisely, but more an attempt to reargue Petitioner's position with respect to Ground Three. On *de novo* review, the Court finds the R&R accurately sets forth clearly established federal law regarding self-representation, and correctly concludes that the Ohio appellate court's determination of this issue was not contrary to or an unreasonable application of that law. *See* Doc. 15, at 21-23. Nothing Petitioner cites in the record in his objections alters that conclusion. As such, Petitioner's fifth objection is overruled.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Clay's R&R (Doc. 15) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of

appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

<div style="text-align: right">

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

</div>